United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GRABIEL BARTHELEMY RAMIREZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-06347 (EJD)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Grabiel Barthelemy Ramirez was arrested by ICE in June 2026. *See* Dkt. No. 10-1 at 2. He filed this petition arguing that Respondents' refusal to provide him with a bond hearing violates his Fifth Amendment due process rights. *See* Dkt. No. 1 at 14–15. Respondents maintain that Petitioner's detention without a bond hearing is lawful under 8 U.S.C. § 1226(c)(1)(E). Dkt. No. 10 at 1–3. For the following reasons, the Petition is DENIED without prejudice.

## I. BACKGROUND

Petitioner is a native of Cuba and entered the United States in January 2019. Dkt. No. 10-1 at 3. After his arrival, he was served with a notice to appear charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), and placing him in removal proceedings. Dkt. No. 10-2 at 1. He also submitted an application for asylum and claims to have applied for permanent residency. Dkt. No. 1 at 4. That application is still pending.

Petitioner was arrested multiple times between 2023 and 2026, with the most relevant being an arrest in August 2025 for burglary of an occupied dwelling. Dkt. No. 10-6 at 10. Based on Petitioner's FBI RAP sheet, he was charged with this offense. *Id*. However, it is unclear from the record whether the charge has been dropped or is currently pending.

United States District Court
Eastern District of California

In June 2026, Petitioner was arrested for driving without a license and referred by the Hillsborough County Sherrif's Office to ICE. Dkt. No. 10-1 at 3. He was released to ICE custody in June 2026, and was transferred to the California City Detention Facility where he remains detained. *See id*. He has not been provided with a bond hearing to determine whether his continued detention is necessary.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents contend that Petitioner's detention is lawful under 8 U.S.C. § 1226(c)(1)(E). Dkt. No. 10 at 2–3. Specifically, § 1226(c)(1)(E) makes detention mandatory for any non-citizen charged as "inadmissible" for having entered the United States without inspection under 8 U.S.C. §§ 1182(a)(6)(A) or 1182(a)(7), and "is charged with, is arrested for, [or] is convicted of … committing acts which constitute the essential elements of any burglary, theft, [or] larceny[.]" 8 U.S.C. § 1226(c)(1)(E)(i)–(ii).

On its face, the Laken Riley Act appears to apply to Petitioner, given that he was charged as inadmissible under 8 U.S.C. § 1182(a)(7) and charged with burglary of an occupied dwelling. *See* Dkt. No. 10-2 at 1; Dkt. No. 10-6 at 10. However, to alleviate due process concerns where a

non-citizen's detention is based on an arrest or charges that were dismissed, "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes," and not where charges are never filed or dismissed. *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (collecting cases); *see also*, *S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026); *E.C. v. Noem*, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *9–10 (D. Nev. Oct. 14, 2025). Petitioner did not specify in his Petition, nor did he clarify in reply, that the charges against him were dropped. Given this record, the Court assumes these charges are still current and that § 1226(c)(1)(E) applies to Petitioner.

This does not end the due process inquiry. The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c), however, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Accordingly, numerous district courts have found that unreasonably long detention periods without a bond hearing may violate the due process clause. *See Keo v. Chestnut*, No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'").

Courts in this Circuit have weighed the following factors to determine when prolonged detention pursuant to § 1226(c) violates due process, entitling the petitioner to a bond hearing: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the

United States District Court
Eastern District of California

detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7. On this record, Petitioner has not shown that his detention has become unconstitutionally prolonged.

The first factor weighs in the Government's favor. Petitioner has only been in detention for approximately four months, which is still within the period of time that the Supreme Court considered acceptable when finding that mandatory detention under § 1226(c)(1) was facially constitutional. *See Demore v. Kim*, 538 U.S. 510, 530 (2003). Petitioner has not made a showing with respect to the remaining factors. Indeed, he has not pointed to any facts with respect to them—nor even argued that he is entitled to a bond hearing based on these factors. Petitioner is not entitled to habeas relief without further evidence demonstrating that his detention has become indefinite or that it has become unconstitutionally prolonged given his particular situation.

## IV. CONCLUSION

For the foregoing reasons, the petition is DENIED without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: October 26, 2026

EDWARD J. DAVILA
United States District Judge